UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **CORRINE SCHRADER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Cause No. |
| ) | |
| **NCB MANAGEMENT SERVICES, INC.,** ) | |
|    Serve: ) | |
|    Any officer at ) | |
|    1 Allied Drive ) | |
|    Trevose, PA 19053 ) | |
| ) | |
| and ) | |
| ) | **JURY TRIAL DEMANDED** |
| **BRUMBAUGH & QUANDAHL, P.C.,** ) | |
|    Serve R/Agt: ) | |
|    Secretary of State ) | |
|    600 W. Main St. ) | |
|    Jefferson City, MO 65102 ) | |
| ) | |
| **Defendants.** ) | |

## INTRA-STATE CLASS ACTION COMPLAINT

**COMES NOW** Corrine Schrader, by and through her undersigned counsel, and asserts this cause of action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "FDCPA") against Defendants NCB Management Services, Inc. and Brumbaugh & Quandahl, P.C., and in support thereof states to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person and resident of the State of Missouri.

2. Defendant NCB Management Services, Inc. ("NCB") is a foreign corporation not registered with the Missouri Secretary of State.

3. The principal business purpose of Defendant NCB is the collection of debts in Missouri and nationwide using instrumentalities of interstate commerce or the mails.

4. Defendant NCB regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

5. Defendant Brumbaugh & Quandahl, P.C. ("Brubaugh & Quandahl") is a foreign corporation that has been administratively dissolved by the Missouri Secretary of State for failing to comply with Section 351.484 or 351.598 R.S.Mo.

6. This Court has original jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because Defendants directed their illicit collection activity at Plaintiff in Jackson County, Missouri, within the Western District of Missouri.

7. Further, this Court has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

8. This Court has the statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k.

9. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because Defendants' illicit collection conduct occurred in or was directed at Plaintiff in the Western District of Missouri.

**FACTS**

10. On or about January 11, 2007, Plaintiff purchased a 2006 Chevrolet HHR, bearing the vehicle identification number 3GNDA23D36S645095 (hereinafter "the vehicle").

11. Plaintiff financed the purchase of the vehicle via a retail installment contract and security agreement, as that term is defined by section 365.020(1) R.S.Mo., which was assigned to Drive Financial Services on the day of sale of the vehicle.

2

Case 4:17-cv-00611-SRB     Document 1     Filed 07/24/17     Page 2 of 13

12. Upon information and belief, Santander Consumer USA Inc. ("Santander Consumer") acquired Drive Financial Services in approximately December of 2006.

13. Thereafter, in approximately January of 2014, Plaintiff's vehicle was repossessed by Santander Consumer following Plaintiff's default on the retail installment contract.

14. Santander Consumer sent Plaintiff a "Notice of Our Plan to Sell Property" on or about January 27, 2014.

15. Santander Consumer sent Plaintiff an "Explanation of Calculation of Surplus or Deficiency" on or about March 20, 2014.

16. Upon information and belief, on March 22, 2016, Santander Consumer USA Inc. purportedly assigned all "rights, title and interest" in Plaintiff's retail installment contract on the vehicle to Defendant NCB.

17. Plaintiff was already in default on the retail installment contract when it was sold to Defendant NCB.

18. Defendant NCB is a "sales finance company" as that term is defined 365.020 R.S.Mo.

19. Defendant NCB failed to obtain a license to engage in the business of a sales finance company, in violation of section 365.030 R.S.Mo.

20. Plaintiff never entered into a contract with Defendant NCB.

21. Plaintiff never agreed to arbitrate any disputes with Defendant NCB.

22. On or about May 4, 2017, Defendant Brumbaugh & Quandual filed a collection lawsuit against Plaintiff in the Circuit Court of Jackson County, case number 1716-CV10028 ("collection lawsuit").

23. Within the collection lawsuit, Defendant Brumbaugh & Quandual alleged that Plaintiff owed a deficiency balance to Defendant NCB relating to the vehicle.

24. Attached to the Petition in the collection lawsuit as Exhibit B2 was the "Notice of Our Plan to Sell Property" dated January 27, 2014.

25. Within said notice in Exhibit B2, Santander Consumer informed Plaintiff that the vehicle would be sold "at a private sale."

26. In fact, Defendant Santander Consumer sold the vehicle via public auction.

27. Plaintiff's account history with Santander Consumer to the vehicle, attached to the Petition in the collection lawsuit as part of Exhibit A, shows that on March 10, 2014, the date of the sale of the vehicle, Santander Consumer assessed Plaintiff $343.50 for auction fees.

28. Because a notice of a private sale was given, and a public sale was held, Defendants cannot recover any deficiency balance from Plaintiff.

29. Had an attorney for Defendant Brumbaugh & Quandual performed a meaningful review of Plaintiff's account and documents, Defendant Brumbaugh & Quandual would have known that Plaintiff did not and could not owe the alleged debt to Defendant NCB.

## CLASS ALLEGATIONS AS TO NCB

37. It is Defendant NCB's routine practice to violate the FDCPA by attempting to collect a debt arising from an alleged deficiency related to motor vehicles.

38. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The classes consists of the following persons:

   a. All persons Defendant NCB has on record as owing a consumer debt (1) where such person has a Missouri postal address and (2) where Defendant NCB collected or attempted to collection a debt relating to a deficiency balance

following the repossession of a motor vehicle, (3) during the one-year period prior to the filing of Plaintiff's Petition (4) without a license to engage in the business of a sales finance company.

    b. All persons Defendant NCB has on record as owing a consumer debt (1) where such person has a Missouri postal address and (2) where Defendant NCB collected or attempted to collection a debt relating to a deficiency balance following the repossession of a motor vehicle, (3) during the one-year period prior to the filing of Plaintiff's Petition (4) where any notice to a consumer for the sale of a repossessed vehicle indicates a private sale and (5) said motor vehicle was sold at an auction.

39. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant NCB is a high-volume debt collector that has purchased hundreds of retail installment contracts and filed hundreds of debt collection lawsuits.

40. Upon information and belief, Defendant NCB has engaged in improper collection tactics described above with at least one hundred Missouri consumers.

41. Plaintiff is a member of the class she seeks to represent.

42. There are no unique defenses Defendant NCB can assert against Plaintiff individually, as distinguished from the class.

43. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.

44. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of Defendant NCB.

45. Plaintiff has no interest or relationship with Defendant NCB that would prevent her from litigating this matter fully.

46. Plaintiff is aware that settlement of a class action is subject to court approval, and she will vigorously pursue the class claims throughout the course of this action.

47. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by Defendant NCB.

48. Most, if not all, of the facts needed to determine liability and damages are obtainable from Defendant NCB's records.

49. The purposes of the FDCPA will be best effectuated by a class action.

50. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

51. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

52. Many, if not all, class members are unaware that claims exist against Defendant NCB. There will be no unusual difficulty in the management of this action as a class action.

53. Common questions of law and fact predominate over all individual questions of the "sale finance company license" class: (1) Defendant NCB is a "debt collector" pursuant to the FDCPA, (2) Defendant NCB engaged in the business of a sales finance company, as defined in Section 365.020(13) R.S.Mo., (3) Defendant NCB did so without a license as provided in Section 365.030 R.S.Mo., and (4) Defendant NCB's collection of a debt relating to a deficiency

on a retail installment contract without a license as provided in Section 365.030 R.S.Mo constitutes a violation of the FDCPA.

54. Common questions of law and fact predominate over all individual questions of the "notice of private sale" class: (1) Defendant NCB is a "debt collector" pursuant to the FDCPA; (2) Defendant NCB attempted to and/or collected a debt for a deficiency balance relating to a repossessed motor vehicle; (3) the Notice of Sale for the motor vehicle indicates a "private sale;" (4) the motor vehicle was sold at an auction, and (5) Defendant NCB's collection of a debt relating to a deficiency where the pre-sale notice did not match the type of sale conducted constitutes a violation of the FDCPA.

55. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

56. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

57. All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

## CLASS ALLEGATIONS AS TO BRUMBAHL & QUANDAHL

58. It is Defendant Brumbahl & Quandahl's routine practice to violate the FDCPA by attempting to collect an alleged deficiency balance related to a motor vehicle on behalf of Defendant NCB.

59. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class consists of the following persons:

a. All persons Defendant has on record as owing a consumer debt (1) where such person has a Missouri postal address and (2) where Defendant Brumbahl & Quandahl attempted to collect a debt on behalf of NCB Management Services, Inc., (3) relating to an alleged deficiency balance for a repossessed motor vehicle (3) during the one-year period prior to the filing of Plaintiff's Petition.

60. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research, Defendant Brumbahl & Quandahl has been the attorney of record in most, if not all, lawsuits filed in Missouri where NCB Management Services, Inc. is the plaintiff.

61. Upon information and belief, Defendant Brumbahl & Quandahl has engaged in improper collection tactics described above with at least one hundred Missouri consumers.

62. Plaintiff is a member of the class she seeks to represent.

63. There are no unique defenses Defendant Brumbahl & Quandahl can assert against Plaintiff individually, as distinguished from the class.

64. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.

65. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of Defendant Brumbahl & Quandahl.

66. Plaintiff has no interest or relationship with Defendant Brumbahl & Quandahl that would prevent her from litigating this matter fully.

67. Plaintiff is aware that settlement of a class action is subject to court approval, and she will vigorously pursue the class claims throughout the course of this action.

68. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the

same questions of law and involve the same methods of collection by Defendant Brumbahl & Quandahl.

69. Most, if not all, of the facts needed to determine liability and damages are obtainable from Defendant Brumbahl & Quandahl's records.

70. The purposes of the FDCPA will be best effectuated by a class action.

71. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

72. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

73. Many, if not all, class members are unaware that claims exist against Defendant Brumbahl & Quandahl. There will be no unusual difficulty in the management of this action as a class action.

74. Common questions of law and fact predominate over all individual questions of the class: (1) Defendant Brumbahl & Quandahl is a "debt collector" pursuant to the FDCPA, (2) Defendant NCB engaged in the business of a sales finance company without a license as provided in Section 365.030 R.S.Mo., (3) collection of a debt relating to a deficiency on a retail installment contract without a license as provided in Section 365.030 R.S.Mo constitutes a violation of the FDCPA, or (4) the Notice of Sale for the motor vehicle indicates a "private sale;" and (5) the motor vehicle was sold at an auction, and (6) the collection of a debt relating to a deficiency where the pre-sale notice did not match the type of sale conducted constitutes a violation of the FDCPA.

9

Case 4:17-cv-00611-SRB   Document 1   Filed 07/24/17   Page 9 of 13

75. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

76. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

77. All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

## COUNT I
## VIOLATION OF THE FDCPA as to DEFENDANT NCB

**COMES NOW** Plaintiff, by and through the undersigned counsel, and for her cause of action in Count I against Defendant NCB, respectfully states to the Court as follows:

78. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

79. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

80. Defendant NCB is a "debt collector" as that term is defined by the 15 U.S.C. § 1692a(6).

81. The alleged debt on the vehicle arises out of consumer, family, and/or household transactions.

82. Defendant NCB has attempted to collect the alleged debt from Plaintiff within the previous twelve months.

83. In its attempts to collect the alleged debt from Plaintiff, Defendant NCB has committed violations of the FDCPA including, but not limited to, the following:

    a. Falsely representing the character, amount, and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

b. Threatening to take an action that cannot legally be taken, or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

c. Using false representation and/or deceptive means to attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10);

d. Collecting a debt that is not permitted by law, in violation of 15 U.S.C. § 1692f(1);

84. Defendant NCB's conduct caused Plaintiff to suffer statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k.

85. Defendant NCB's collection attempts caused Plaintiff to incur actual damages, which Plaintiff will not seek except in the event no class is certified.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant NCB for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

C. For such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FDCPA as to DEFENDANT BRUMBAUGH & QUANDAHL

**COMES NOW** Plaintiff, by and through the undersigned counsel, and for her cause of action in Count II against Defendant Brumbaugh & Quandahl, respectfully states to the Court as follows:

86. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

87. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

11

88. Defendant Brumbaugh & Quandahl is a "debt collector" as that term is defined by the 15 U.S.C. § 1692a(6).

89. The alleged debt on the vehicle arises out of consumer, family, and/or household transactions.

90. Defendant Brumbaugh & Quandahl has attempted to collect the alleged debt from Plaintiff within the previous twelve months.

91. In its attempts to collect the alleged debt from Plaintiff and the class members, Defendant Brumbaugh & Quandahl has committed violations of the FDCPA including, but not limited to, the following:

   a. Falsely representing the character, amount, and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   b. Filing a collection lawsuit without any meaningful review of Plaintiff's account by an attorney, in violation of 15 U.S.C. § 1692e(3);

   c. Threatening to take an action that cannot legally be taken, or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

   d. Using false representation and/or deceptive means to attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10); and

   e. Collecting a debt that is not permitted by law, in violation of 15 U.S.C. § 1692f(1).

92. Defendant Brumbaugh & Quandahl's conduct caused Plaintiff to suffer statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k.

93. Defendant Brumbaugh & Quandahl's collection attempts caused Plaintiff to incur actual damages, which Plaintiff will not seek except in the event no class is certified.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Brumbaugh & Quandahl for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

C. For such other relief as the Court may deem just and proper.

Respectfully submitted,

BRODY & CORNWELL

 /s/ Bryan E. Brody_____
BRYAN E. BRODY (MO #57580)
7730 Carondelet, Ste. 135
St. Louis, Missouri 63105
Phone: (314) 932-1068
Fax:     (314) 228-0338
BBrody@BrodyandCornwell.com
*Attorneys for Plaintiff*

13